UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| K-SWISS INC., a Delaware corporation<br><br>Plaintiff,<br>v.<br><br>PAYLESS SHOESOURCE, INC., a Missouri corporation, and PAYLESS SHOESOURCE, INC., a Delaware Corporation<br><br>Defendant. | Case No.: CV04-779 GPS (RCx)<br><br>**CONSENT DECREE INCLUDING PERMANENT INJUNCTION** |

Upon ~~review of the record in this case, and upon~~ stipulation of the parties, the Court hereby finds the following:

A.  This case arises under the *Lanham Act*, 15 U.S.C. §1051, *et seq.*, and related state laws, and this Court has jurisdiction over the subject matter and over each of the parties to this action by virtue of 15 U.S.C. §1121 and 28 U.S.C. §1338(a). Plaintiff K-Swiss Inc. ("K-Swiss") is a Delaware corporation, having its principal place of business in Westlake Village, California. Defendants Payless Shoe Source, Inc. are a Missouri corporation and a Delaware corporation, respectively, both having their principal place of business in Topeka, Kansas (collectively, "Payless"). The claims arising under state statutory and common law relating to trademark and trade dress infringement and unfair competition are joined with substantial and related claims pursuant to 28 U.S.C. §§1338(b) and 1367(a). Venue is proper in this district by virtue of 28 U.S.C. §1391(b) in that both corporate entities comprising Payless are corporations subject to personal jurisdiction in this district and, thus, reside here. In addition, the claims arose in this district.

B.  K-Swiss is the owner of several trademark registrations for its Five Stripe Design mark, alone or with other terms and/or designs, including, Registration Nos. 1,029,423 and 1,550,230 both of which are on the Principal Register of the United States Patent and Trademark Office and are "incontestible"

1  (such mark is herein referred to as the "Five Stripe Mark").  Copies of U.S.
2  Trademark Registration Nos. 1,029,423 and 1,550,230 are attached hereto as
3
4  Collective Exhibit 1.
5        C.    K-Swiss is the owner of several trademark registrations for its Toe
6
7  Box Design mark, alone or with other terms and/or designs, including,
8  Registration No. 1,821,414, which is on the Principal Register of the United States
9
10 Patent and Trademark Office and is "incontestible" (such mark is herein referred
11 to as the "Toe Box Mark").  A copy of U.S. Trademark Registration No. 1,821,414
12 is attached hereto as Exhibit 2.
13
14       D.    K-Swiss is also the owner of U.S. Trademark Registration Nos.
15 1,843,012 and 1,817,977, which include both the Five Stripe Design and the Toe
16
17 Box Design trademarks.  Such registrations are on the Principal register of the
18 United States Patent & Trademark Office.  True and correct copies of these
19 registrations are attached hereto as Collective Exhibit 3.  Each of these
20
21 registrations have become "incontestible" under the provisions of the Trademark
22 Act and are conclusive proof of the exclusive rights of K-Swiss to the marks as
23 shown in such registrations.
24
25       E.    K-Swiss is also the owner of U.S. Trademark Registration No.
26 3,085,901, which includes in combination, the Five Stripe Mark and the "Locarno
27 Toe Design"(the "Locarno Design Mark").
28

F. The above-identified trademark registrations are all valid and subsisting and are conclusive evidence of K-Swiss' **exclusive** right to use the marks shown therein in connection with footwear.

G. In addition, K-Swiss is and for many years, has been, the owner of trademark, trade dress, and product configuration rights in the arbitrary, fanciful, and inherently distinctive visual design features of its "Classic" shoe including, without limitation, two or more of the following (whether used alone, in combination, or with other K-Swiss trademark, trade dress or design features not described herein) (the "K-Swiss Trade Dress"):

 (a) <u>Stripes</u>. The visual design feature of two or more vertical or diagonal stripes on either side of the shoe;

 (b) <u>D-Rings</u>. D-Rings (or visually similar rings) used incidentally as a lacing system rather than eyelets, hooks, loops or other holding mechanism;

 (c) <u>Toe Box</u>. The visual design on the toe of the shoe consisting of a set of two substantially rectangular patterns formed by stitching running from the front tip of the outsole back toward the lacing area of the shoe.

H. K-Swiss sells and has sold other shoes including, without limitation, Nido, Darwell, Thurstan, Thurman, Celano, Afton, Morely, Newstead and

Nautical Classic, all of which are derivative versions of the Classic shoe and members of the Classic family, employing the combination of five parallel diagonal stripes, D-rings (or visually similar rings), and/or the Toe Box Mark, along with other visual elements (collectively, for purposes of this Decree only and not any other purpose, the "Classic Family").

I. Payless, and/or one or more of its subsidiaries and/or affiliates, has offered for sale and sold thirty-one (31) lots of footwear, listed and photographed in Exhibit 4, which K-Swiss asserts have an appearance that is virtually identical to K-Swiss' "Classic" shoe or one or more of its Classic Family of shoes (the "Known Payless Classic Family Shoes"). In addition, Payless and/or one or more of its subsidiaries and/or affiliates offered for sale and sold footwear which K-Swiss asserts is a colorable imitation of the K-Swiss Locarno shoe and the trademarks and trade dress thereon (Payless shoe Lot No. 44980) (the Known Payless Classic Family Shoes and Lot No. 44980 are collectively referred to herein as the "Known Payless Shoes").

J. K-Swiss asserts that such use by Payless of K-Swiss trademarks and trade dresses constitutes federal trademark and trade dress infringement and dilution, pursuant to 15 U.S.C. §1051, *et seq.*, 15 U.S.C. §1125(a) and (c), trademark infringement under state statutory and common law including California Business and Professions Code §14330(b), trade dress infringement

under state common law, injury to business reputation, and tarnishment under California Business and Professions Code §14330, unfair or unlawful competition under state common law and California Business and Professions Code §1720, and breaches the terms of a 1992 settlement agreement between the parties.

K.  K-Swiss has no adequate remedy at law and the alleged harm to K-Swiss, and to the public, outweighs the harm to the legitimate interests of Payless.

L.  The parties desire to the avoid the cost and expense of trial and to resolve the referenced disputes in a business-like fashion, but intend that the Court retain continuing jurisdiction in the event of the breach of the settlement agreement between the parties relating to this case (the "Settlement Agreement") or other need for judicial interpretation thereof.

In accordance with the Settlement Agreement, and except as otherwise agreed therein the parties hereto stipulate and agree to the entry of a permanent injunction in the form set forth below.

It is hereby ORDERED, ADJUDGED, and DECREED that:

1.  <u>The K-Swiss Trademarks and Trade Dresses are Valid and Enforceable.</u>  The K-Swiss Five Stripe Mark, Toe Box Mark, Locarno Design Mark, and U.S. Trademark Registration Nos. 1,029,423; 1,550,230; 1,821,414; 1,843,012; 1,817,977; and 3,085,901 are arbitrary, non-functional, valid,

enforceable, and, with the exception of Registration No. 3,085,901, incontestible. The K-Swiss Trade Dress is an arbitrary, non-functional, valid, and enforceable trade dress under the Lanham Act.

    2.    <u>Permanent Injunction</u>. Payless on behalf of itself and its affiliates, servants, agents, employees, subsidiaries, divisions, officers, directors, licensees, suppliers, successors and assigns, and all those acting in concert or participation with them, are permanently enjoined and restrained from:

    (a)    Using in any manner any of the Five Stripe Mark, the Toe Box Mark, the Locarno Mark, the Classic Trade Dress, or any confusingly similar marks or trade dresses or any colorable imitations thereof, including, without limitation, the Known Payless Shoes, on or in connection with the advertising, offering for sale or sale of any product which is not manufactured, distributed or otherwise authorized by or for K-Swiss;

    (b)    Using in any manner any of the Five Stripe Mark, the Toe Box Mark, the Locarno Mark, the Classic Trade Dress, or any confusingly similar marks or trade dresses or any colorable imitations thereof, including, without limitation, the Known Payless Shoes, on or in connection with the advertising, offering to render or rendition or any service not approved by, sponsored by or otherwise authorized by K-Swiss;

    (c)    Attempting to or passing-off, inducing or enabling others to sell or pass-off any product or service as a product or service affiliated with or sponsored by K-Swiss, which product is not produced or service rendered under the authorization, control and supervision of K-Swiss and approved by K-Swiss for sale under any of the Five Stripe Mark,

|   |   |
|---|---|
|   | the Toe Box Mark, the Locarno Mark, the Classic Trade Dress, or any confusingly similar marks or trade dresses or any colorable imitations thereof, including, without limitation, the Known Payless Shoes; |
| (d) | Copying, making confusingly similar or colorable imitations of, or modifying any of K-Swiss' advertising or promotional materials for use in connection with the advertising, promotion or sale of any of Payless' goods; |
| (e) | Committing any acts calculated or intended to cause purchasers to believe falsely that any of Payless' products are associated with, sponsored by, approved by, guaranteed by, connected with or produced under the control and supervision or within the authority of K-Swiss; |
| (f) | Obtaining, possessing, shipping, delivering, distributing, returning or otherwise disposing of, in any manner, advertising materials, goods or inventory bearing any of the Five Stripe Mark, the Toe Box Mark, the Locarno Mark, the Classic Trade Dress, or any confusingly similar marks or trade dresses or any colorable imitations thereof, including, without limitation, the Known Payless Shoes, which materials, goods or inventories were not manufactured by or for K-Swiss or authorized by K-Swiss to be used, sold or offered for sale in association with or bearing any of such marks or trade dresses; |

3.   <u>Future Products</u>.  Except as otherwise specifically set forth herein, the terms and conditions herein shall apply to all products now or in the future sold by, offered for sale by, marketed by, licensed by and/or otherwise controlled by Payless, its affiliates, officers, directors, shareholders, agents, servants, employees, subsidiaries, divisions, licensees, successors and assigns, and all persons and entities in active concert or participation with any of them.

4. <u>Payment of Settlement Sum</u>. Payless shall pay K-Swiss the agreed upon sum on the date set forth in the Settlement Agreement.

5. <u>Non-Interference</u>. Payless shall not interfere anywhere in the world with K-Swiss' use or registration of any of its trademarks or the K-Swiss Trade Dress or derivatives thereof, or any composite mark containing any K-Swiss trademarks or K-Swiss Trade Dress. In addition, Payless shall not initiate, prosecute, or in any way aid in the commencement of, the prosecution or defense of any suit, action, claim, defense, counterclaim, cross-claim, affirmative defense, administrative proceeding or other proceeding whatsoever at law or otherwise, anywhere in the world, against K-Swiss' (or its successors or assigns) use, registration, or enforcement of (a) any K-Swiss trademark or registration; (b) any mark or registration containing a K-Swiss trademark or the K-Swiss Trade Dress or derivatives thereof; (3) any composite mark containing any K-Swiss trademark or registration or the K-Swiss Trade Dress or derivatives thereof.

6. <u>Service</u>. Service may be made upon Defendants by mail addressed as follows: General Counsel, c/o Payless ShoeSource, Inc., 3231 SE 6th Street, Topeka, Kansas 66607. A copy of this Stipulation for Consent Decree and Permanent Injunction shall be deemed sufficient notice under Federal Rule of Civil Procedure 65. Such service is permissible, notwithstanding Payless' representation by counsel. It shall not be necessary for Payless to sign any form of acknowledgment of this service.

7. <u>Retention of Jurisdiction to Enforce Settlement Agreement</u>. The Court retains jurisdiction to enforce the Settlement Agreement between the parties.

///
///
///
///
///

8. Entry of Judgment. The Court expressly determines that there is no just reason for delay in entering Judgment and pursuant to Federal Rule of Civil Procedure 54(a), the Court enters Judgment against Defendants.

**IT IS SO STIPULATED:**

Dated: June 27, 2008

NEIL D. GREENSTEIN
ROBERT M. VANTRESS
TECHMARK

ADRIAN M. PRUETZ
PRUETZ LAW GROUP LLP

By: /s/ Neil D. Greenstein
Neil D. Greenstein
Attorneys for Plaintiff,
K-SWISS INC.

Dated: June 27, 2008

WILIAM A. RUDY
DAVID V. CLARK
LATHROP & CAGE L.C.

JOHN SHAEFFER
SPILLANE SHAEFFER ARONOFF BANDLOW, LLP

By: John Shaeffer
Attorneys for Defendants

**IT IS SO ORDERED, ADJUDGED, AND DECREED:**

Dated: July 1, 2008

Hon. George P. Schiavelli
United States District Judge